UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jewelean Jackson, Ethylon Brown, William
Brown, Brenda Doane, and David Williams,
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

v.                                                                                                  Civil No. 08-305 (JNE/JJG)
                                                                                                    ORDER

Mortgage Electronic Registration Systems, Inc.,
and Richard W. Stanek, in his official capacity
as Sheriff of Hennepin County,

        Defendants.

Jewelean Jackson, Ethylon Brown, William Brown, Brenda Doane, and David Williams (Plaintiffs) brought this action against Mortgage Electronic Registration Systems, Inc. (MERS), and Richard W. Stanek, in his official capacity as Sheriff of Hennepin County. Plaintiffs claim that MERS violates Minnesota law by foreclosing mortgages by advertisement without recording or registering all mortgage assignments and without listing all assignees in notices of sale. *See* Minn. Stat. §§ 508.57, 580.02(3), 580.04(1) (2006). Plaintiffs moved for a temporary restraining order. In an Order dated February 13, 2008, the Court denied Plaintiffs' motion and ordered the parties to submit letters that address whether the Court should certify a question to the Minnesota Supreme Court. Plaintiffs support certification; MERS opposes it.[1]

The Minnesota Supreme Court "may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute" of Minnesota. Minn. Stat. § 480.065, subd. 3 (2006). Use of a state's certification procedure by

---

[1] Having received no letter from the Sheriff, the Court assumes that the Sheriff takes no position with respect to certification.

1

a federal district court rests in its sound discretion.  *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974); *Allstate Ins. Co. v. Steele*, 74 F.3d 878, 881-82 (8th Cir. 1996).

In this case, the dispositive issue is whether MERS must record changes tracked within the MERS System before foreclosing mortgages by advertisement.  There is no controlling appellate decision of Minnesota that addresses whether an entity named mortgagee as nominee for a lender and the lender's successors and assigns may foreclose a mortgage by advertisement without recording assignments of the lender's interests in the mortgage.  It seems doubtful that a MERS-like system could have been foreseen when the cases on which the Court relied in denying Plaintiffs' motion for a temporary restraining order were decided.  The dispositive issue in this case is novel.  *Cf. Arizonans for Official English v. Arizona*, 520 U.S. 43, 79 (1997) ("Novel, unsettled questions of state law . . . are necessary before federal courts may avail themselves of state certification procedures."); *Hatfield v. Bishop Clarkson Mem'l Hosp.*, 701 F.2d 1266, 1267-68 (8th Cir. 1983).

In addition to being novel, the issue is likely to recur.  *Cf. Perkins v. Clark Equip. Co.*, 823 F.2d 207, 210 (8th Cir. 1987) ("One of the factors we look at when determining whether to certify an issue is whether it is likely to recur.").  Future challenges to MERS's ability to invoke Minnesota's foreclosure-by-advertisement statutes without recording the changes tracked within the MERS System are likely given present market conditions and the substantial number of mortgages registered on the MERS System.

Resolution of this case, which is here because MERS removed it from state court on the basis of jurisdiction conferred by 28 U.S.C.A. § 1332(d)(2) (West 2006), *cf. Hatfield*, 701 F.2d at 1268 (certifying question in case that was "not primarily a federal case but rather a strict diversity case"), may have a profound impact on issues of great state concern.  Plaintiffs seek

sweeping relief. On behalf of themselves and a class, they seek to enjoin MERS from foreclosing mortgages by advertisement and the Sheriff from conducting mortgage foreclosure sales where MERS is the mortgagee. They also seek a declaration that MERS's foreclosures by advertisements are void. According to MERS, the premise of Plaintiffs' claims threatens grave uncertainty with respect to establishment of a chain of title for releases and satisfactions of mortgages; tens of thousands of homeowners who have paid off their mortgages may face "serious title problems." Minnesota has long prized certainty in real estate law. *See Title Ins. Co. of Minn. v. Agora Leases, Inc.*, 320 N.W.2d 884, 885 (Minn. 1982); *Gille v. Hunt*, 29 N.W. 2, 3 (Minn. 1886). "In a federal system, it is obviously desirable that questions of law which . . . are both intensely local and immensely important to a wide spectrum of state government activities be decided in the first instance by state courts." *Elkins v. Moreno*, 435 U.S. 647, 662 n.16 (1978). The Minnesota Supreme Court should have the opportunity to address, if it chooses to do so, the dispositive issue in this case.

Under the facts and circumstances of this case, the Court exercises its discretion to certify the following question to the Minnesota Supreme Court:

> When MERS serves as mortgagee of record as nominee for a lender and that lender's successors and assigns, and the original lender subsequently sells, assigns, or transfers its rights under the mortgage, has there been an assignment of the mortgage that must be recorded pursuant to Minn. Stat. § 580.02 (2006) before MERS can commence a foreclosure by advertisement?

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The following question is certified to the Minnesota Supreme Court:

> When MERS serves as mortgagee of record as nominee for a lender and that lender's successors and assigns, and the original lender subsequently sells, assigns, or transfers its rights under the mortgage, has

    there been an assignment of the mortgage that must be recorded pursuant to Minn. Stat. § 580.02 (2006) before MERS can commence a foreclosure by advertisement?

    The Court acknowledges that the Minnesota Supreme Court may reformulate this question. The facts relevant to this question appear in the Order dated February 13, 2008.

2.     The names and addresses of the parties' counsel appear in Appendix A.

3.     The Clerk of Court shall forward a copy of this Order and the February 13 Order to the Minnesota Supreme Court.

Dated: February 27, 2008

                                            s/ Joan N. Ericksen
                                            JOAN N. ERICKSEN
                                            United States District Judge

APPENDIX A

The names and addresses of counsel for Plaintiffs are:

Amber M. Hawkins
Legal Aid Society of Minneapolis
430 First Avenue North, Suite 300
Minneapolis, MN  55401

Colleen M. Daly
Legal Aid Society of Minneapolis
2929 4th Avenue South, Suite 201
Minneapolis, MN  55408

Galen D. Robinson
Mid-Minnesota Legal Assistance
430 First Avenue North, Suite 300
Minneapolis, MN  55401

William H. Crowder
Vildan A. Teske
Kathleen Finnegan Lamey
Crowder Teske, PLLP
555 West Seventh Street, Suite 201
Saint Paul, MN  55102

The names and address of counsel for MERS are:

Robert J. Pratte
Sonya R. Braunschweig
DLA Piper US LLP
90 South Seventh Street, Suite 5100
Minneapolis, MN  55402

The name and address of counsel for the Sheriff are:

Charles H. Salter
Office of the Hennepin County Attorney
A-2000 Hennepin County Government Center
300 South Sixth Street
Minneapolis, MN  55487